# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MABRY, | : | No. 3:13cv1258 |
|     Petitioner | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | (Magistrate Judge Blewitt) |
| WARDEN J. GRONDOLSKY, | : | |
|     Respondent | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation ("R&R"). (Doc. 4). The R&R proposes that the court transfer Petitioner James Mabry's ("petitioner") petition for a writ of habeas corpus to the United States District Court for the District of Massachusetts. Petitioner filed objections to the R&R making this case ripe for disposition. (Doc. 5).

## **Background**

On May 8, 2013, petitioner, a federal inmate presently confined at the Federal Medical Center-Devens in Ayer, Massachusetts, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") (Doc. 1) and an application to proceed *in forma pauperis* (Doc. 3). Petitioner challenges his March 9, 2006 conviction and 210-month prison sentence on the charge of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). See United States v. Mabry, 4:04-CR-120 (M.D. Pa. Mar. 3, 2006). Petitioner claims the

Government violated his Fifth Amendment due process rights, his rights under Brady v. Maryland, 373 U.S. 83 (1963) and that his trial counsel was ineffective.

Petitioner's habeas petition was screened by Magistrate Judge Blewitt and on May 14, 2013, Judge Blewitt issued an R&R, in which he recommends transferring this action to the District of Massachusetts. On May 24, 2013, petitioner filed objections to Magistrate Judge Blewitt's recommendations. (Doc. 5). For the following reasons, petitioner's objections will be overruled and this matter will be transferred to the District of Massachusetts.

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Petitioner objects to the recommendation that the court transfer his Section 2241 petition. Petitioner contends that his habeas petition may be

filed in the jurisdiction where he is presently confined or in any court where the prisoner's custodian may be reached by service of process. Magistrate Judge Blewitt recommends transferring this action to the District of Massachusetts because a Section 2241 petition must be filed in the district of petitioner's confinement. After a careful review of the record, we agree with Magistrate Judge Blewitt.

Petitioner argues that the court has jurisdiction over his core habeas petition challenging his present physical confinement. In support of his position, petitioner relies upon <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, where the United States Supreme Court stated in dicta that "so long as the custodian can be reached by service of process, the court can issue a writ within its jurisdiction . . . even if the prisoner himself is confined outside the court's territorial jurisdiction." 410 U.S. 484, 495 (1973). The Supreme Court, however, has clarified <u>Braden</u> and held that "the plain language of [28 U.S.C. § 2241(a)] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004). Thus, contrary to petitioner's assertions, jurisdiction is only proper in the District of Massachusetts, where petitioner is presently confined.

Having found a lack of jurisdiction, the court chooses not to dismiss the case. Instead, the court will transfer this action to the United States District

Court for the District of Massachusetts. District courts have discretion to transfer any civil action, in the interest of justice, to any other district or division where it might have been brought. 28 U.S.C. § 1404(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). Here, petitioner's Section 2241 petition could have originally been filed in the District Court of Massachusetts because that is where petitioner is presently confined. See Rumsfled, 542 U.S. at 443. Additionally, the interests of justice are served by transferring this action because it obviates the need for petitioner to refile his Section 2241 petition. Therefore, the court will transfer this action to the District Court of Massachusetts.

**Conclusion**

For the stated reasons, the court will overrule petitioner's objections and adopt the R&R. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MABRY,** | : | No. 3:13cv1258 |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **WARDEN J. GRONDOLSKY,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 6th day of June 2013, it is **HEREBY ORDERED** as follows:

1. Petitioner's written objections to the Report and Recommendation (Doc. 5) are **OVERRULED**;

2. The Report and Recommendation of Magistrate Judge Blewitt (Doc. 4) is **ADOPTED**; and

3. The clerk of court is **DIRECTED** to transfer this case to the United States District Court for the District of Massachusetts.

                                            **BY THE COURT:**

                                            **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**